**MALOATA LAFIILEATA TUILEFANO, TUAOLEVAOOLA TUILEFANO TE`O, FUAFUAMEALELEI ALOFA TUAMU, Plaintiffs,**

**v.**

**SINAKA ULUTU and ULUTU FAMILY, Defendants,**

High Court of American Samoa
Land and Titles Division

MT No. 05-04

September 2, 2004

Before WARD,[*] Acting Associate Justice, ATIULAGI, Associate Judge, SAGAPOLUTELE, Associate Judge, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

[*] Honorable John L. Ward II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

Counsel: For Plaintiffs, Sharron Rancourt
For Defendants, Tauivi Tuinei

OPINION AND ORDER

### Background

This matter came on before the Court for a hearing on a preliminary injunction to restrain defendants from using the chiefly salutation of "Maluolefale" or occupying the post traditionally reserved for the *sa`o* of the Maloata Family at village functions. For reasons more fully set forth below, we deny the issuance of a preliminary injunction; remand the controversy to the Secretary of Samoan Affairs for a determination of executive branch powers; and issue certain, temporary orders to protect the public peace and enforce existing statutes.

As originally filed on August 4, 2004, Maloata L. Tuilefano, Tualevaoola Tuilefano Te`o, and Fuafuamealelei A. Tuaumu (hereinafter "Tuilefano *et al.*"), sought a temporary restraining order to prevent Defendant Sinaka Ulutu and the Ulutu Family (hereinafter "Ulutu") from conducting a *saofai* (ceremonial investiture of a chiefly title) within the Village of Aitulagi on August 5, 2004, and for a preliminary injunction restraining Ulutu from using the salutation "Maluolefale" or the post traditionally occupied by the Maloata titleholder at village functions and appearances.

The justice initially reviewing the temporary restraining order denied its issuance and set the matter for a hearing on August 20, 2004. That hearing was continued until August 27, 2004, upon objection by Ulutu that he had not received all documents filed in the case at least 48 hours preceding the hearing as mandated under the injunction statutes. A.S.C.A. § 43.1303(a)(2).

On August 27, 2004, the court constituted itself with a quorum of three associate judges and one presiding justice to hear this *matai* title dispute under A.S.C.A. § 3.0240. A lengthy hearing ensued with each side offering exhibits and providing testimony concerning the history, rank, privileges and functions of the respective titles of Maloata and Ulutu within the Village of Aitulagi.

Tuilefano *et al.* maintained that the Maloata title is the ranking High Chief title of the village and has exclusive claim to the salutation "Maluolefale" as well as the post reserved at village functions and affairs for that titleholder.

207

Further, Tuilefano *et al.* maintained the Ulutu title was a title within their family of modest rank and that under the injunction statutes the *sa`o* of the Maloata Family could bring an action for injunctive relief against a *matai* of his own family. A.S.C.A. § 43.1309(b). Ulutu's position in this matter was that his family and his title are not related to the Maloata Family and that his high chief title allows him the right to participate in village affairs. Ulutu further testified that of the five traditional *tama matua* of the Village of Aitulagi, two titles are vacant and, of the remaining three, two conducted his *saofa`i* on August 5, 2004.

Ulutu also had filed a counterclaim charging that Plaintiff Maloata L. Tuilefano had not duly registered the Maloata Title with the Territorial Registrar and was therefore not entitled under the statutes to be recognized as that titleholder. By stipulation of the parties, we were advised that Ulutu's title was duly registered, but the Maloata title remained officially vacant in the Registrar's records.

Based upon the limited facts and multiple legal issues presented in this matter, we now discuss and decide how best to preserve the village peace and prevent additional violence while this controversy is resolved under proper authority.

### Discussion

■ Plaintiffs' documents and pleadings, prepared by their former counsel in this matter, were statutorily deficient. Among other things, the complaint filed did not include a prayer for a permanent injunction, A.S.C.A. § 43.1303(a)(2)(D). Although such defects were waived by operation of law at the hearing under subsection (b) of that statute, defendant cannot waive, nor can the court overlook, the statutory requirement that the *sa`o* of the family is the only authorized person to file an application for injunctive relief under chapter 13 of Title 43, A.S.C.A. See A.S.C.A. § 43.1309(b). The complaint filed in this matter was signed by Maloata L. Tuilefano who, by stipulation of the parties, is not the currently registered titleholder of the Maloata title. In addition, his sister, Tualevaoola Tuilefano Te`o, signed the complaint along with Fuafuamealelei A. Tuaumu.

Although subsection 43.1309(b) provides that when the *sa`o* title is vacant at least two blood male *matai* family members may bring an action, the complaint and the injunctive relief requested appears, at best, to reflect only one such qualifying party, *i.e.* "Tuaumu." We are therefore statutorily precluded from issuing a preliminary injunction in this matter.

■ Notwithstanding the statutory impediments to issuing a preliminary injunction, under A.S.C.A. §§ 43.1301 et seq., the Land and Titles Division "may act in each case in such manner as it considers to be most consistent with natural justice and convenience . . . ." A.S.C.A. § 3.0242(b). The Court is further empowered under the statutory procedures established for the Land and Titles Division to issue pre-trial temporary restraining orders, and pre-trial orders specific to or concerning Samoan lands, names, or titles. A.S.C.A. §§ 43.0301-305. Interlocutory orders issued by a justice or, when in unanimous agreement, by the associate judges in a *matai* title dispute are likewise authorized by these statutes.

■ Although A.S.C.A. §§ 1.0409 and 1.0411 grant this Court clear authority to hear and decide *matai* succession and removal cases, and A.S.C.A. § 43.1309(b) provides for injunctive relief for a *sa`o* who brings an action against a *matai* within his own family, the instant dispute may well present a political question or jurisdictional separation of powers issue that may deprive this court of its subject matter jurisdiction. Both counsel have urged the court to exercise its powers to protect the Samoan way of life under Art. 1, Section 3 of the Revised Constitution of American Samoa. Neither counsel, nor the parties, however, have apparently apprehended the more serious issue under Section 3 of the 1900 Deed of Cession of Tutuila and Aunu`u, which, pertinent to some of the issued raised herein, was signed by both Namoa of Aitulagi and Maloata of Aitulagi. Section 3 reserves unto the Chiefs of the "towns" their individual control of the separate "towns," subject to the general control, supervision, and police powers of the "Government."

■ As the archival exhibits in this case reveal, the "Government," through the Governor and the Secretary of Samoan Affairs, has exercised its executive powers in the past to deal with similar disputes within the parties' village. Under Art. IV, Section 4 of the Revised Constitution of American Samoa, the Secretary is responsible for the administration of, *inter alia*, village affairs. Neither party in this action has provided the Court with any statutory basis or case law that grants the judicial branch authority to hear and decide controversies involving village affairs. (Arguably, under the Deed of Cession, the Revised Constitution of American Samoa, and American Samoa Code Annotated, the only apparent, legitimate, exercise of judicial authority in such matters would be limited to the appellate review of the administration decisions.)

## Conclusion

This matter originally came before the Court for temporary orders during the pendency of the case and the statutorily required hearings before the Office of Samoan Affairs. At this initial stage of the controversy, we have insufficient facts to determine which party may prevail or whether

the Court has subject matter jurisdiction concerning this dispute. The associate judges are unanimous in their decision, however, that to maintain peace and harmony during the immediate future, an order should issue temporarily restraining the parties, their agents and persons working in concert with them from using the salutation "Maluolefale" or the post traditionally reserved for the Ali`i of the Aitulagi Family at village functions. In addition, the Court will continue its earlier order maintaining the public peace and personal dignity of the parties and their agents. And finally, to promptly resolve the jurisdictional issues discussed above, this case will be remanded to the Office of Samoan Affairs with notice to and leave for the Attorney General to file with the Court within 30 days a determination by the Secretary of Samoan Affairs as to whether the Secretary asserts executive branch powers to hear and decide this controversy. If that assertion is made, the Attorney General shall also file a motion for this court to dismiss this matter with prejudice and to dissolve the temporary orders set forth below.

### Order

IT IS HEREBY ORDERED that all parties to this action, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby restrained at all village functions, affairs, and appearances:

1. from using, encouraging or allowing others to use, or from acknowledging the salutation, "Maluolefale";

2. from occupying the post traditionally reserved for the Ali`i of the Aitulagi Family; and

3. from engaging in any violence, threats of violence or otherwise disturbing the public peace of the village, using words, actions, or conduct that intentionally provokes or antagonizes others to so act.

IT IS FURTHER ORDERED that this case be remanded to the Office of Samoan Affairs with notice to the Attorney General for a determination of whether the Secretary asserts exclusive executive branch powers to hear and decide this controversy under Article IV Section 4, of the Revised Constitution of American Samoa. The Attorney General is granted leave of this Court to file notice of that determination within 30 days and, if consistent with the Secretary's determination, file and serve notice upon the parties of a motion to dismiss this action with prejudice and to dissolve the temporary restraining orders of this court. The Clerk of Courts shall cause the Marshal to serve copies of this Opinion and Order upon the Secretary of Samoan Affairs and the Attorney General forthwith.

IT IS FURTHER ORDERED that pursuant to A.S.C.A. §§ 1.0413-.0414, until the *matai* title Maloata has been duly registered, no person may use, permit to be use, or be recognized as holding, such title.

IT IS SO ORDERED under A.S.C.A. §§ 43.0303 and 43.0304.